**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**DONALD R. TATE,**
    Petitioner ,

vs.                                              Case No. 5:07cv188/RS/MD

**DEPARTMENT OF CORRECTIONS,**
    Respondent.

_____

**O R D E R**

    This cause is before the court upon petitioner filing a document titled "Petition for Clarification," which the Clerk of Court has docketed as a civil rights complaint under 42 U.S.C. § 1983.  (Doc. 1).  The "Petition" is not on a court form, nor is it accompanied by either a filing fee or an application to proceed *in forma pauperis*.

    Petitioner, an inmate of the Florida penal system, is presently confined at Calhoun Correctional Institution ("Calhoun CI").  His "Petition" challenges a disciplinary conviction he received at Calhoun CI for refusing to obey an order.  Specifically, petitioner complains that the officer who issued the disciplinary report withheld material information concerning the incident, and that prison officials withheld evidence (a videotape) which would have exonerated petitioner.  (Doc. 1, pp. 2-4).  As a result of the conviction, petitioner was sentenced to 30 days in disciplinary confinement and lost four months of gaintime.  (*Id.*, p. 3).  The "Petition" does not request any specific relief, except "clarification as to can the plaintiff file an abuse of process and malicious prosecution tort or 42 U.S.C. § 1983 action to this court in respect to the . . . complaints?"

    Petitioner is advised of the following.  To the extent he claims prison officials filed a false disciplinary report and withheld material exculpatory evidence which resulted in his wrongful conviction of the disciplinary charge and the loss of gain-time, such claims are not cognizable under § 1983 unless and until the sentence or conviction has been invalidated.

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that where success in a prisoner's § 1983 damages action would implicitly question the validity of his conviction or the duration of his sentence, the litigant must first achieve favorable termination of his available habeas corpus opportunities to challenge the conviction or sentence. In other words, an action under § 1983 that by its nature challenges the lawfulness of a conviction or sentence is not cognizable unless and until the sentence or conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck* at 487, 114 S.Ct. at 2372.

In *Edwards v. Balisok*, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), the Supreme Court applied *Heck* in the circumstances of a § 1983 action claiming damages and equitable relief for a procedural defect in a prison's administrative (disciplinary) process, where the administrative action taken against the plaintiff could have affected credits toward release based on good-time served. The Court held that a state prisoner's claim for damages is not cognizable under § 1983 if a judgment in favor of the plaintiff would necessarily be at odds with his conviction or with the State's calculation of time to be served in accordance with the underlying sentence, unless the prisoner can demonstrate that the conviction or sentence has been previously invalidated. Absent such an invalidation, the § 1983 suit must be dismissed.

In the instant case, petitioner's claims imply the invalidity of his disciplinary conviction which resulted in the loss of gain-time, and thereby imply the invalidity of the State's calculation of time to be served in accordance with his underlying sentence. Thus, a § 1983 action cannot proceed until he has had the disciplinary conviction reversed, expunged, or otherwise negated. Petitioner alleges no facts to suggest that that has occurred. Therefore, this action should be converted to a habeas corpus action under 28 U.S.C. § 2254, and petitioner will be required to submit a § 2254 petition on the court form. He is warned, however, that § 2254 requires that before a federal court may consider a petition for writ of habeas corpus, a state prisoner must exhaust his state judicial remedies (*i.e.*, the petitioner must first present to the state courts each issue upon which he seeks review in federal court). 28 U.S.C. § 2254(b)(1); *see also Rose v. Lundy*, 455 U.S. 509

(1982); *Picard v. Connor*, 404 U.S. 270 (1971).  If petitioner has not done so, he should file a notice of voluntary dismissal.

Accordingly, it is ORDERED:

1.  The Clerk of Court is directed to convert this cause of action from a civil rights action to that of habeas corpus arising under 28 U.S.C. § 2254.  In addition, the clerk shall change the docket to reflect the appropriate party designations as "Petitioner" and "Respondent," as the court has already done in the caption of this order.

2.  The Clerk of Court is directed to send petitioner the form for use in § 2254 cases.  In addition, the Clerk shall send petitioner a complete application for leave to proceed *in forma pauperis*.  This case number should be written on the forms.

3.  Within **thirty (30) days** of the date of this order, petitioner shall file his habeas corpus petition, which shall be typed or clearly written and submitted on court forms.

4.  Within that same time period, petitioner shall submit either the $5.00 filing fee or a complete application to proceed *in forma pauperis*.

5.  **If petitioner has not exhausted the remedies available to him in state court, he should file a notice of voluntary dismissal.**

6.  Failure to comply with this order a instructed will result in a recommendation that this case be dismissed for failure to prosecute or failure to comply with an order of the court.

DONE AND ORDERED this 2nd day of August, 2007.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**